PER CURIAM.
The plaintiffs appealed from an order granting the defendants’ motion for summary judgment.
The facts out of which this litigation arose were summarized by the trial court in another action and approved by this court on appeal. Whigham v. TraveLodge International, Inc., 349 So.2d 1078 (Ala.1977). We, therefore, pretermit another recital of facts.
In this proceeding, the plaintiffs sought damages from the defendants alleging (1) rent due under a lease agreement; (2) breach of a contractual commitment in that lease to pay a mortgage; and (3) conspiratorial fraud committed by the defendants.
In its order granting the defendants’ motion for summary judgment, the trial court observed:
“The pleadings and proceedings in the case of Whigham v. Travelodge International, Inc., et al., Civil Action No. 25561 [the subject of the opinion in Whigham v. TraveLodge, supra] contain the lease agreement in question, the mortgage and the other relevant documents. The content of the lease agreement is not disputed by the plaintiff and the fact that the foreclosure occurred is also undisputed. Therefore, the court finds that no genuine issue of material fact exists and that as a matter of law the lease has been extinguished by the doctrine of merger. . The court thus finds that defendants are entitled to judgment as a matter of law on the plaintiffs’ first theory of recovery.
“The theories of recovery listed as (2) and (3) above were advanced in the previous case and were expressly ruled upon by this court and affirmed by the Alabama Supreme Court. The court is, *653 therefore, of the opinion that these claims áre barred by the doctrine of res judicata or collateral estoppel.”
We affirm. Every theory advanced by the plaintiffs in this case was advanced in the prior litigation and the judgment in favor of defendants was affirmed by this court. We affirmed the trial court’s holding that the plaintiff’s act of foreclosure operated to destroy the lease; and, even if it had not, the interests of both the lessors and lessees vested in the plaintiff as the purchaser at the foreclosure sale. He cannot, therefore, recover on the lease.
The plaintiffs assert that the conspiracy theory was not advanced in that litigation. However, it was treated as having been advanced by the trial court which expressly ruled on it. The following was quoted from the trial court’s order in Whigham v. TraveLodge, supra:
“ ‘In his original complaint, the plaintiff alleged “that the Estate of Bessie A. Whigham, Deceased, has been fraudulently deprived of $180,000.00.” At the pre-trial conference plaintiff’s counsel informed the Court that the plaintiff no longer alleged fraud on the part of the defendants. Therefore, in his amended complaint, the plaintiff struck the word “fraudulently” from the above allegation. However, the same amended complaint contains the allegation that “while both of [the Whighams] were aged and infirm they were approached by Mr. Loyd Baker, one of the Defendants in this cause, and he persuaded them to agree that the mortgage indebtedness on said real property ... be refinanced. . . .” Moreover, counsel for plaintiff in the brief submitted in lieu of closing argument has contended that “[i]t is even probable that Defendants may be liable for a criminal prosecution for the acts that they have done in this matter as a conspiracy to defraud Plaintiffs, . and, certainly, in a Court of Equity they should not be relieved of their liability created by their own acts and conduct which amount to fraud.” For these reasons, the Court understands the plaintiff as urging fraudulent deprivation of property in connection with the August, 1973, mortgage financing or some other species of fraud as a theory of recovery and therefore addresses this theory.
“ ‘Under the evidence presented at trial, this Court is compelled to find that the consent of the Whighams to the August 1973, mortgage financing was not obtained by means of fraud, misrepresentation, duress, coercion, overreaching or any other improper means and that no other act or omission on the part of the defendants during the entire course of their dealings with the Whighams relative to the August 1973, mortgage furnishes the basis for a claim of fraud, misrepresentation, duress, coercion, overreaching or other improper conduct on the part of the defendants. Accordingly, plaintiff’s theory of fraudulent conduct as a basis of recovery cannot be sustained.
. .’” (349 So.2d at 1081 and 1082)
The record affirmatively discloses that the issues raised in this case were litigated in the earlier proceeding between the same parties. Therefore, the judgment appealed from is affirmed.
AFFIRMED.
MADDOX, JONES, SHORES, EMBRY and BEATTY, JJ., concur.